■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON E. HURD, Appellant. [974 NYS2d 821]—

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), entered February 14, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in denying his request for a downward departure from the presumptive risk level because one of his prior convictions upon which that risk level was calculated was for endangering the welfare of a child (Penal Law § 260.10) and did not involve events of a sexual nature. We reject that contention. A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, even assuming, arguendo, that the court erroneously treated defendant's conviction of endangering the welfare of a child as a sex crime, we note that defendant's score on the risk assessment instrument would still yield a presumptive level three risk, and defendant presented no other basis to support his request for a downward departure. Consequently, "defendant

failed to present clear and convincing evidence of special circumstances justifying a downward departure" from the presumptive risk level yielded by the risk assessment instrument (*People v McDaniel*, 27 AD3d 1158, 1159 [2006], *lv denied* 7 NY3d 703 [2006]). Present—Scudder, P.J., Smith, Fahey, Sconiers and Valentino, JJ.